IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAYRO ALI ARIAS MEJIA,

Petitioner,

v.

WARDEN E. EMMERICH and U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondents.

ORDER

26-cv-604-jdp

---

This order deals with a procedural pleading deficiency and two pending discovery-related pending motions.

ANALYSIS

**A. Pleading deficiency**

Petitioner Jayro Ali Arias-Mejia, representing himself, seeks emergency relief under 28 U.S.C. § 2241. Dkt. 2. Generally, Arias-Mejia contends that Bureau of Prison officials have denied him earned-time credit under the First Step Act that, if applied, would result in his immediate release. Arias-Mejia also submitted a brief in support, Dkt. 3, in which he makes substantive arguments for relief. Unlike the petition, however, the brief in support is not signed under penalty of perjury.

Arias-Mejia raised his main contention in only his brief in support. In this submission, he contends that he is no longer subject to a final order of removal that an immigration judge issued in 2006 because: (1) the order was executed when he voluntarily left the United States after the immigration judge issued it; and (2) he lawfully reentered the United States when he was paroled into this country for criminal prosecution in 2017. *See* Dkt. 3 at 6–7, 11–13. Arias-

Mejia concludes that the final order of removal must be reinstated to be valid, which he says has not happened. *See id.* at 14.

The brief in support, as drafted, is a continuation of the petition. But a § 2241 petition must be signed under penalty of perjury. *See* Rules 2(c) and 12, Rules Governing Section 2254 Cases (Section 2254 Rules). Accordingly, the court will order Arias-Mejia to submit a short supplement in which he verifies the brief in support by signing it under penalty of perjury pursuant to 28 U.S.C. § 1746(2).

**B. Two discovery-related motions**

In the first motion, Arias-Mejia seeks discovery, generally contending that the information he seeks is essential to prove his main contention. Dkt. 19. He also requests: (1) expansion of the record to include the discovery that he seeks; and (2) an extension of time to file a reply. In the second motion, Arias-Mejia seeks an expedited ruling on the first motion. Dkt. 20. He also asks the court to toll the reply deadline pending his receipt and review of the discovery that he seeks.

The court starts with the first motion. A district court may, for good cause, authorize a party to conduct discovery in § 2241 action. Rule 6(a), Section 2254 Rules. A district court also has discretion to direct the parties to expand the record by submitting additional materials relating to the petition. Rule 7(a), Section 2254 Rules.

The information that Arias-Mejia seeks is mostly redundant with factual statements that he makes to support his main contention. Those factual statements will become admissible evidence once he has verified the brief in support. So, even if the information that Arias-Mejia seeks is discoverable, he has not shown that it necessary to obtain the habeas relief that he seeks. Therefore, the court will deny the first motion, but without prejudice. This means that

the court will review the petition, as supplemented by the verified brief in support. And if, at that time, the court decides that discovery may be appropriate, it will order the parties to address the issue or take any other appropriate action. For the same basic reasons, the request to expand the record is denied without prejudice. Based on these rulings, the court will deny the request for an expedited ruling on the first motion, made in the second motion, as moot.

That leaves the requests for modifications to the reply deadline. The court will deny the request to toll the reply deadline pending receipt of discovery, made in the second motion, as moot because it has denied the motion for discovery. The court will defer ruling on the request to extend the reply deadline, made in the first motion. Once Arias-Mejia has verified the brief in support, the court will review the record and decide what steps to take. For now, Arias-Mejia's only task is to verify the brief in support.

ORDER

IT IS ORDERED that:

1. Petitioner Jayro Ali Arias-Mejia has until to September 21, 2026 file a short supplement to his brief in support, not to exceed one page, in which he signs his brief in support under penalty of perjury pursuant to 28 U.S.C. § 1746(2).

2. Petitioner's motion for discovery, Dkt. 19, is DENIED in part without prejudice and otherwise DENIED as moot, except that the court will DEFER RULING on his request to extend the reply deadline.

3. Petitioner's motion to expedite, Dkt. 20, is DENIED as moot.

Entered September 9, 2026.

BY THE COURT:

/s/

ANITA MARIE BOOR
Magistrate Judge